# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BAILEY, | 1:07-CV-00931 OWW JMD HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| A. HEDGPETH, | ORDER DIRECTING CLERK OF COURT TO CHANGE THE NAME OF THE RESPONDENT |
| Respondent. | |

Petitioner Raymond Bailey ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgement of the Tulare County Superior Court. Petitioner is currently incarcerated at California Men's Colony in San Luis Obispo. (Pet. at 1).

A jury found Petitioner guilty of attempted willful, deliberate, premeditated murder (Cal. Penal Code §§ 187 (a), 664); assault with a firearm (Cal. Penal Code § 245(a)(2); possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)); and possession of a controlled substance while armed with a firearm (Cal. Health & Safety Code § 11370.1(a)). (Answer at 4; Pet. at 3). The jury further found true the special allegations that Petitioner committed the attempted murder and assault with a firearm personally with the intent to discharge a firearm causing great bodily injury (Cal. Penal Code § 12022.53(d)) and personally inflicted great bodily injury in circumstances related to

domestic violence (Cal. Penal Code § 12022.7(e)). (Lod. Doc. 4 at 3). Petitioner received a total sentence of thirty-two years to life. (Pet. at 2; Answer at 4).

Petitioner appealed his conviction to the California Court of Appeal. (Lod. Doc. 1). The state appellate court affirmed Petitioner's conviction in a reasoned opinion issued on April 27, 2006. (*See* Lod. Doc. 4).

Petitioner subsequently filed a petition for review to the California Supreme Court. (Lod. Doc. 5). The California Supreme Court summarily denied the petition on July 17, 2006. (Lod. Doc. 6).[1]

On June 28, 2007, Petitioner filed the instant federal petition for writ of habeas corpus with the Court, alleging two grounds for relief. (Court Doc. 1).

On March 6, 2008, Respondent filed an answer to the petition. (Court Doc. 10).

## FACTUAL BACKGROUND[2]

***Prosecution Case***
*Instant Offense*

At the time of trial in early 2005, appellant and Stephanie Bailey (Stephanie) had been acquainted for 12 years and married for five years and their two children were ages six and seven, respectively. On June10, 2004, appellant informed Stephanie he was leaving her and the couple's children.

On July 4, appellant and Stephanie decided to try to reconcile. At that time, Stephanie believed that a woman named Marquita King was the reason she and appellant were having marital problems. Appellant had told Stephanie that King was "just a friend," but Stephanie suspected "it was more than friendship." On two occasions Stephanie went to King's house, looking for appellant. King telephoned appellant on occasion, and Stephanie asked her not to call because she and appellant were "trying to work on [their] marriage."

On July 11, Stephanie, at least one of the couple's children and Stephanie's 13-year-old nephew Dewone A. returned home to Tulare, after visiting Stephanie's mother-in-law in San Jose, arriving home at approximately 9:45 a.m. FN4 Stephanie went into the backyard to clean it up, and approximately 15 minutes after she arrived home appellant arrived. He opened the sliding glass door and asked Stephanie to come inside the house. Stephanie entered through that door and joined appellant in the master bedroom.

Shortly thereafter, Stephanie and appellant were on the bed and Stephanie was orally copulating appellant when appellant, who at some point had picked up a glass pipe, "put something on it and ... took a hit." This upset Stephanie, and she told

---

[1] Respondent admits that Petitioner has exhausted his state remedies and does not allege that the petition is untimely filed. (*See* Answer at 2).

[2] The facts are derived from the factual summary set forth by the California Court of Appeal, Fifth District, in its unpublished opinion issued on April 27, 2006, and are presumed correct, pursuant to 28 U.S.C. §§ 2254(e)(1). (*See* Lod. Doc. 4, Unpublished Opinion, Fifth Appellate District Court of Appeal).

appellant so. Appellant sat up on the bed and told Stephanie there was a spider behind her. Stephanie replied there was nothing behind her, and got up and got dressed. She asked appellant if he was "okay," and he said he was. At that point, appellant got up, went to the bathroom, came back and accused Stephanie of putting spiders on him. She denied doing so and appellant repeated the accusation.

At that point, Stephanie walked in the direction of the bathroom. Appellant again accused Stephanie of putting spiders on him, and pushed her, causing her to fall. Appellant then said, "I know what I'm going to do." He walked over to the dresser, took a handgun from a dresser drawer, "stood over" Stephanie; and shot her. Shortly thereafter, appellant went back to the dresser, removed another handgun from a drawer and pointed it at Stephanie. At that point, Stephanie passed out.

*Uncharged Acts*

Stephanie testified to the following. Within two months prior to July 11, appellant threatened Stephanie with a gun on three occasions. On one occasion, "at the house," appellant "pulled a gun on [Stephanie]" and said, "I'll shoot you." When Stephanie asked why, appellant "said because ... you're out to get me." On another occasion appellant "pulled [a gun] on [Stephanie]" and said he was going to shoot her because "he felt that [she] was going to leave him." Stephanie could not remember the third occasion.

Dewone testified to the following. On July 4 he was in the garage with appellant at the home of appellant and Stephanie when appellant "said that somebody threw a wrench at him," took a revolver out of his back pocket and said to Dewone, "don't you know I'll blast you?" Dewone "just looked" and then he "just went back inside the house." FN5

***Defense Case***

Appellant testified that during the morning of the day of the shooting and the night before he drank heavily and smoked cocaine. He was experiencing stress due to financial worries and difficulties in balancing his marriage and his relationship with Marquita King, his girlfriend of two years.

He arrived at his house on the morning of July 11. He greeted Dewone, who told appellant Stephanie was in the backyard. Appellant went into the master bedroom, opened the sliding glass door and called to Stephanie to come into the house. Shortly thereafter, appellant and Stephanie were on the bed and Stephanie was orally copulating appellant when appellant picked up his pipe, put some cocaine in it and started smoking the cocaine.

At some point after that, Stephanie told appellant that she could "smell [King] on [appellant]." She then got up, reached into a bureau drawer, took out a shirt and put it on. Then she walked to another bureau, reached into a drawer and pulled out a handgun. She "started talking about how can you do this to me?" and "she started turning the gun towards [appellant]." Appellant "rushed" Stephanie and "went for the gun"; he and Stephanie "fell back[ ][and] hit the wall"; and the gun "went off."

(Lod. Doc. 4, Fifth District Court of Appeal's Opinion, at 2-5).

## DISCUSSION

### I.  Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529

U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution and Petitioner's custody arose from a conviction in the Tulare County Superior Court, which is within this judicial district. 28 U.S.C. § 84(b). As an application for writ of habeas corpus may be filed in either the district court where Petitioner is currently incarcerated or in the district where Petitioner was sentenced, the Court has jurisdiction over and is the proper venue for this action. *See* 28 U.S.C. § 2241(d).

## II.     ADEPA Standard of Review

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed in 2007 and is consequently governed by the provisions of AEDPA, which became effective upon its enactment on April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

As Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment, Title 28 U.S.C. section 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that § 2254 is the exclusive vehicle for a habeas petitioner in custody pursuant to a state court judgment even where the petitioner is not challenging his underlying state court conviction). Under AEDPA, a petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this

Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.*

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.     Review of Petitioner's Claim**

Petitioner raises two grounds for relief, arguing that the admission of evidence pertaining to prior acts of domestic violence and the trial court's issuance of jury instructions regarding the prior acts violated his right to due process of the law as guaranteed in the Fourteenth Amendment. (*See* Pet. at 6).

*A.     Ground One: Admission of Prior Acts*

In his first ground for relief, Petitioner challenge the trial court's admission of prior acts of domestic violence.

Petitioner presented this claim to both the California Court of Appeal and the California Supreme Court. The Court of Appeal was the only state court to issue a reasoned opinion in Petitioner's case. When reviewing a state court's summary denial, the Court "look[s] through" the summary disposition to the last reasoned decision. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)). Thus, the California Supreme Court is presumed to have adjudicated Petitioner's claim for the same reasons cited by the California Court of Appeal in their reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. at 803. Here, the Court of Appeal found that since the prior acts pertaining to Stephanie were correctly admitted pursuant to California Evidence Code section 1109 and did not violate California Evidence Code section 352, their admission did not violate Petitioner's due process rights. The appellate court further found that the admission of prior acts pertaining to Dewone were harmless under the standard set forth in *Chapman v. California*, 386 U.S. 18 (1967).

Petitioner's state brief, which Petitioner expressly incorporates into his federal habeas petition, mainly challenges the admission of the prior acts on the basis of state law. (Pet. Ex at 16-25). The Court notes that errors of state law is not an adequate basis for habeas corpus relief as it is not the province of a federal habeas court to re-examine a state court's determination of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing to *Rose v. Hodges*, 428 U.S. 19, 21 (1975) and 28 U.S.C. § 2241 for the proposition that in conducting habeas review, a federal court is limited to questions of whether the conviction violated the constitution, laws, or treaties of the United States); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding federal court may not issue a writ

of habeas corpus on the basis of a perceived error of state law). Thus, the Court will not review whether the admission of such evidence was erroneous under California Evidence Code sections 1109 or 352.

More importantly, this Court's review is limited to determining whether the state court unreasonably applied clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1); *Delgado v. Lewis*, 223 F.3d 976, 979-980 (9th Cir. 2001). The United States Supreme Court has expressly reserved the question of whether a trial court's admission of prior acts to show propensity towards committing the charged act may violate the Due Process Clause. *Alberni v. McDaniel*, 458 F.3d 860, 863-867 (9th Cir. 2006) *cert denied*, 127 S.Ct. 1834 (2007) (citing *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) in holding that no such right under the Due Process Clause has been clearly established by the Supreme Court). As the United States Supreme Court has expressly declined to consider this issue, there is no clearly established Federal law. *See Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Thus, a state court's conclusion on this issue cannot be contrary to or an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Alberni*, 458 F.3d at 866-867; *Mejia*, 534 F.3d at 1046. Consequently, Petitioner is not entitled to habeas corpus relief on this ground.

### B. Ground Two: Jury Instruction

Petitioner challenges the trial court's issuance of California Jury Instruction-Criminal (hereinafter "CALJIC") Nos. 2.50, 2.50.1, and 2.50.2. (Pet. Ex. at 26). Specifically, Petitioner contends that the constitutional guarantee under the Due Process Clause that the state prove every element beyond a reasonable doubt, established in *In re Winship*, 397 U.S. 358, 363-364 (1970), was violated as the combination of those instructions permitted a jury to find the intent element from circumstantial evidence of the prior acts, which the jury was only required to find by a preponderance of the evidence.

Petitioner submitted this claim to both the California Court of Appeal and the California Supreme Court. As the state appellate court was the only state court to issue a reasoned opinion in Petitioner's case, the California Supreme Court is presumed to have rejected Petitioner's claim based on the same reasoning. *See Ylst v. Nunnemaker*, 501 U.S. at 803. Here, the appellate court found

that examining the instructions as whole and the trial record did not compel a finding that Petitioner's constitutional rights were violated as:

> [T]he [trial] court instructed the jury to "[c]onsider the instructions as a whole, and each in light of all the others," and its other instructions included the following: "If you find other crimes were committed by a preponderance of the evidence, you are, nevertheless, cautioned and reminded before a defendant can be found guilty of any crime charged or any included crime in this trial, the evidence as a whole must persuade you beyond a reasonable doubt that the defendant is guilty of that crime ." On this record, there is no reasonable likelihood that the jury was under a misapprehension as to the prosecution's burden of proof.

(Lod. Doc. 4 at 11).

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *Estelle*, 502 U.S. at 72. A habeas court must not merely consider whether an "instruction is undesirable, erroneous, or even universally condemned" but must instead determine"'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)); *see Middleton v. McNeil*, 541 U.S. 433, 437 (2004). A federal court examines the jury instruction in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson*, 431 U.S. at 154); *see also United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986). If the charge, as a whole, is ambiguous the court must inquire whether there is a reasonable likelihood that the jury erroneously applied the instruction in a way that violates the Constitution. *Estelle*, 502 U.S. at 72 n. 4 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)); *see also Middleton v. McNeil*, 541 U.S. at 437.

The Due Process Clause of the Fourteenth Amendment requires that the state prove all elements of the offense charged and all facts necessary to establish each of those elements beyond a reasonable doubt. *See Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993); *In re Winship*, 397 U.S. at 364. Thus, a jury instruction may violate a petitioner's constitutional rights if the instruction "reduces the level of proof necessary for the Government to carry its burden" as such an instruction would be "plainly inconsistent with the constitutionally rooted presumption of innocence." *Mendez v. Knowles*, 535 F.3d 973, 983 (9th Cir. 2008) (quoting *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir.

2004)). However, even upon a finding that a petitioner was deprived of his constitutional rights by the issuance of the jury instruction, habeas corpus relief may only be granted if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under the standard articulated by the United States Supreme Court in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *California v. Roy*, 519 U.S. 2, 5 (1996) (finding that habeas challenge to the trial court's issuance of the jury instructions is reviewed under the *Brecht* standard, i.e., whether the error had a substantial and injurious effect or influence in determining the jury's verdict).

While CALJIC No. 2.50 instructed the jury that they could consider evidence of the prior acts for "the existence of the intent which is a necessary element of the crime charged," it went on to state that the jury must weigh such evidence in the same manner it weighs all other evidence in the case. (*See* CT at 225-226). Additionally, CALJIC 2.50.1 instructed the jury that although a preponderance of the evidence standard applied to finding that Petitioner committed the prior acts, the jury was "nevertheless cautioned and reminded that before a defendant can be found guilty of any crime charged or any included crime in this trial, the evidence as a whole must persuade [the jury] beyond a reasonable doubt that the defendant is guilty of that crime."[3] (Id. at 227).

As noted by Respondent, the Ninth Circuit Court of Appeals struck down a previous version of CALJIC No. 2.50.1 in *Gibson v. Ortiz*. However, the jury instruction issued in Petitioner's case is distinct from the one found unconstitutional by the *Gibson* court as the *Gibson* instruction, in combination with other instructions in the jury charge, instructed the jury that they could impermissibly use the lower standard of proof to convict the defendant of the charged offense. The version of CALJIC 2.50.1 used at Petitioner's trial instructed the jury that even if they found that the Petitioner had committed the prior offenses by using a preponderance of the evidence standard, a conviction of the charged offense required a jury finding, based on the evidence as a whole, that the defendant was guilty beyond a reasonable doubt. (CT at 227).

\\\

\\\

---

[3]CALJIC No. 2.50.2, which Petitioner also challenges, merely defines preponderance of the evidence.

Assuming *arguendo* that the instructions were erroneous, an examination of the overall jury charge demonstrates that Petitioner's claim is without merit. Unlike in *Gibson*, the jury instructions in the instant case did not allow the jury to impermissibly infer that Petitioner committed the charged offense from the prior acts of domestic violence. On the contrary, the jury was instructed that the prior acts were insufficient by themselves to convict Petitioner. (*See* CT at 227). More importantly, the jury was instructed that Petitioner was presumed innocent until the State proved his guilt beyond a reasonable doubt. (Id at 234). Additionally, after instructing the jury on each element of the charged offenses, the trial court admonished the jury that the State bore the burden of proving such allegations beyond a reasonable doubt. (*See* CT at 244-254). A jury is presumed to follow the instructions issued by the trial court in the jury charge. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *Ho v. Carey*, 332 F.3d 587, 594 (9th Cir. 2003) (citing *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985)). The Court does not find Petitioner's argument persuasive as it is not reasonable to conclude that the jury used the lower standard of proof in determining Petitioner's guilt merely because they could find that he committed the prior acts by a preponderance of the evidence, especially in light of the jury charge as a whole. Therefore, Petitioner's constitutional rights were not violated by the trial court's issuance of CALJIC Nos. 2.50, 2.50.1, and 2.50.2, and the state court's determination is neither contrary to nor an unreasonable application of clearly established Federal law.

### C.    *Proper Respondent*

Petitioner states that he is currently incarcerated at California Men's Colony in San Luis Obispo. (Court Doc. 7). Respondent states that the warden of that institution is John Marshall. (Answer at 1 n. 1). Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Clerk of Court will be directed to substitute John Marshall as the Respondent in this matter.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

\\\

1       This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

      Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 20, 2009**                   <u>/s/ John M. Dixon</u>
                                                       UNITED STATES MAGISTRATE JUDGE